Cabell and Brooke, J.
concurred in the opinion, that there was nothing to take the case out of the statute of limitations, and that the law on the demurrer to evidence was for the appellant.
Tucker, P. The question on this demurrer to evidence, which I think it material to consider, is, whether the action of debt on the note can be sustained by evidence of an acknowledgment that it was duo, the day of payment of the note, being more than five years before the commencement of the action ?
It is laid down, as a general rule, that the statute of limitations must be pleaded, and cannot be given in evidence on the general issue; 4 Bac. Abr. Limitation of actions. F. p. 48d. 2 Wms. Saund. 63.a-b- To this rule we have an admitted exception in the action of detinue; and at an early day lord Holt was of opinion, that the action of debt formed another exception, for he thought the statute was proper evi *528 dence under the plea of nil debet. Draper v. Glassop, Salk. 278. This opinion does not seem to have been universally acquiesced in : 1 Wms. Saund. 283. n. 2. Lindo v. Gardner, 1 Cranch 343. Id. append. 465. Pearsal v. Dwight, 2 Mass. Rep. 87. And it would, perhaps, have been as well that it never had obtained. The importance of requiring the statute to be specially pleaded, is obvious from the surprize to which both plaintiff and defendant are exposed by the contrary course. The plaintiff is met at the trial by the defence of the statute; and the defendant on his part, who makes the defence, is utterly in the dark as to which of ,tbe various exceptions to it, the plaintiff may rely upon; whereas if the statute be specially pleaded, the exception must be specially replied ; Bogle v. Conway, 3 Call 1. It must be admitted, however, that in Murdock v. Herndon’s ex’ors, 4 Hen. & Munf. 200. and in Beattie v. Tabb’s adm’rs, 2 Munf. 254. the opinion of lord Holt is strongly countenanced ; and in the former judge Roane goes so far as to intimate, that under the plea of nil debet, the effect of the statute might be rebutted by proof of recent acknowledgments. The question not having been debated, and the court not being full, I shall not venture to controvert the principle thus recognized by this court. I shall consider the matter in both aspects, though the defendant in this case has chosen to plead specially; which he ought not to have done if the matter was proper evidence under the general issue; 5 Bac. Ahr. Pleas and Pleadings. G. 3. p. 370. Boot v. Wilson, 8 East 311.
First, then, upon the supposition that the statute of limitations must be specially pleaded, it seems to me to be obviousj that a subsequent acknowledgment or promise cannot support the action. Thus, the plea in this case is, that the action did not accrue within five years: what action ? the action on the note. Now, if the action on the note did, as is manifest, accrue more than five years before the suit, how can the jury find this issue for the plaintiff, upon the proof that the defendant had subsequently acknowledged the debt *529 to be due? That subsequent acknowledgment might, indeed, give a new cause of action, and be the foundation of an action of assumpsit; and with or without an express promise to pay, it might be the foundation of another action of debt. But certainly it does not sustain this action of debt. This action of debt rests for its support upon a note, of a certain date and payable at a future time. The proof is of an oral promise at another date, to pay at a different time, for the original day of payment was past. Do the allegata and probata correspond ? If a written note, varying from that described in the declaration, in a single cent, or in the day of payment, had been offered in evidence, it must have been rejected as not supporting the action; and though it is admitted that assumpsit on an oral contract may be sustained by an agreement in writing to the same effect, McWilliams v. Willis, 1 Wash. 199. 202. yet it cannot be pretended, that an action of debt on a promissory note, could be sustained by evidence of an oral acknowledgment of debt, or by any express promise by words, to pay the sum demanded in the declaration. I am, therefore, of opinion, that upon this issue, the evidence is not sufficient to sustain the plaintiff’s action.
Would the case be materially altered, if we view it, secondly, upon the supposition that the plea had been nil debet ? I think not. In that aspect also, the same difficulties would present themselves. The evidence introduced shews the cause of action set forth in the declaration to be barred, and that which is offered to avoid the bar, is an acknowledgment of debt which does not fit or support the declaration. If there had been the most express promise, it would not have sustained it, because the contract therein set forth is not the same, but another. The allegata and probata do not correspond.
It is said, however, that this objection has been made in the english courts, in the action of assumpsit, and overruled; Leaper v. Tatton, 16 East 420. It was well answered, that even in the action of assumpsit the inveterate practice *530 alone has prevented the court from requiring the plaintiff to declare on the special promise; A'Court v. Cross, 3 Bing. 329. 11 Eng. C. L. R. 126. Upton v. Else, 12 Moore 303. 22 Eng. C. L. R. 451. Besides, there is confessedly a looseness in the action of assumpsit, which is unknown to the action of debt, and where there are money counts in the declaration, there could be no difficulty in sustaining the action by proof of a subsequent promise, whether it was looked upon as a new promise, or as drawing down the original cause of action to the date of the subsequent acknowledgment.
It may perhaps be supposed, that the effect of the subsequent acknowledgment or promise, is not to create a new cause of action, but to revive the old, and to draw it down to the subsequent date. I do not think so. It is obvious, that, in this regard, there is no difference between an acknowledgment of a preexisting debt, and an express promise to pay it. For an acknowledgment of debt as much constitutes a right of action as any promise however express. I shall, therefore, in the following remarks, make no difference between them.
The various and conflicting opinions upon the statute of limitations, form a topic of frequent remark in courts of justice. The attempt to reconcile them would be vain and futile, since they are on all hands conceded to be contradictory. No sooner had the statute passed, than ingenuity began to exert itself, in order to elude its operation. The first attempts were resisted, and an express promise was held necessary. 2 Show. 126. 12 Vin. Abr. Evidence. T. b. 63. pi. 4. p. 229. Hyleing v. Hastings, 1 Ld. Raym. 389. But subsequent decisions seem to have operated, in effect, a repeal of the statute. It had provided, that the actions enumerated should be brought within five years next after the cause of action or suit, and not after: yet the courts decided, that though the action was barred by the statute, it was revived by a new promise; and it must be confessed, that instead of considering the new promise as a new cause *531 of action, they considered it as reviving the old promise or original cause of action. So far indeed, was the notion carried, that, in the time of lord Mansfield, it was decided, that an acknowledgment of the debt after the commencement of the action, would take it out of the statute; Yea v. Fouraker, 2 Burr. 1099, This leaves no doubt, that the old promise was considered as revived, and the operation of the statute as put out of the way by the acknowledgment. And even to this day, there are many who take this view of the subject. Thus, in Scales v. Jacob, 3 Bing. 638. 13 Eng. C. L. R. 85. 90. Burrough, J. says, that the acknowledgmcnt within six years keeps the debt alive, though be admits that a new promise after six years, creates a new obligation. See also the case of Upton v. Else, before cited. And in Leaper v. Tatton (where the promise was after six years,) lord Ellenborough says, “ it is the common practice to declare on the original contract, and the only question is, whether the defence given by it has been waived.” Moreover, in Dowthwaite v. Tibbut, 5 M. & S. 75. where the defendant acknowledged the debt but refused to pay, the acknowledgment was held sufficient; and must therefore have had the effect of reviving the original debt, since the refusal to pay was certainly no new promise. The same principle is found in Bryan v. Horseman, 4 East 599. And in Jones v. Moore, 5 Binney 582. Brackenridge, J. combats the idea of a new promise being implied, instead of the old cause of action being revived. It cannot be necessary to go into any argument to shew, that these opinions are in the teeth of the statute. The statute declares the action shall not be sustained more than five years after the cause of action accrued; the courts say it shall, provided there be an acknowledgment to take the case out of the statute.
This way of considering the question is not necessary to effectuate the ends of justice ; it is in conflict with the forms of the pleadings, which are the best evidences of the law; it jars with acknowledged principles, and is rejected by the *532 more modern opinions of the courts, which are going back to the doctrines in the time of Shower and lord Raymond.
1. It was unnecessary to violate the statute, by considering the original cause of action as revived. For the subsequent acknowledgment or promise, whether before or after the expiration of five years, was a sufficient ground on which to sustain a new action. Debt or assumpsit might have been sustained; for even the acknowledgment of debt without a promise, is sufficient to support an action of debt, or to sustain an implied promise of payment. . And in the action of assumpsit, though the suit may have been brought on the original promise, for .instance, on a promissory note, yet the new promise, implied from the acknowledgment of debt, might always be given in evidence under the general counts.
2. The form of the pleading corresponds with this view of the subject. The replication to the plea of the statute is, not that the defendant acknowledged the preexisting debt within five years, which would certainly not be a good plea under the statute, but that he promised within five years; and this averment may be established either by proof of express promise, or by proof of an acknowledgment of debt from which the law implies a promise.
3. The idea of the acknowledgment reviving the original debt, instead of amounting to a new and substantive cause of action, not affected by the statute, jars with indisputable principles. Thus, in assumpsit against an executor, upon the promise of his testator, evidence of an acknowledgment of the debt by the executor, will not support the action ; that is to say, it does not revive the original promise of the testator, but the action can only be sustained upon the executor’s promise. Green v. Crane, 2 Ld. Raym. 1101. Ward v. Hunter, 6 Taunt. 210. 11 Eng. C. L. R. 359. Atkins v. Tredgold, 2 Barn. & Cress. 23. 9 Eng. C. L. R. 12. Hickman's ex'ors v. Walker, Willes 27. Sarell v. Wine, 3 East 409. Kinder v. Paris, 2 H. Blacks. 561. So, where an action was brought against A. and B. and C. *533 the wife of B. upon a joint note of A. and C. made before her marriage; an acknowledgment of the note by A. after six years, and after the marriage, was not evidence to support the issue; Pittam v. Foster, 1 Barn. & Cress. 248. 8 Eng. C. L. R. 67. Had it revived the original action, it must have been sufficient, but being a new promise, it did not bind C. who was then covert; and, of course, it did not bind B. her husband.
4. The notion of the original cause of action being revived, is negatived by the greater part of the more recent and most respectable authorities. Thus in the last cited case of Pittam v. Foster, chief justice Abbott states the question to be “ whether an acknowledgment made within six years, operates as a new substantive promise, or draws down the original promise to the time when the acknowledgment is made.” He cites Hurst v. Parker, 1 Barn. & Ald. 93. where lord Ellenborough says, “ that in actions of assumpsit an acknowledgment of the debt is evidence of a fresh promise and his own opinion arid those of the rest of the court are sustained by that position. In the case of A’Court v. Cross, there was an acknowledgment of debt with an express declaration, “ I will never pay itthe court seems to have been strongly impressed with the embarrassment and difficulties produced by conflicting decisions, and to have desired to settle some principles in that case, which should not be departed from. The chief justice states, that where the debtor promises to pay, he cannot avail himself of the statute, because this promise founded on a moral consideration, is a new cause of action. In Scales v. Jacob, the defendant said, he was not able to pay, but would pay when he could. There was a divided court: but Gazelee, J. and Best, C. J. sustain the position I am contending for; and Burrough, J. admitted it, where the acknowledgment is after six years, but denied it in that case where it was before the bar was complete. “ The cases shew,” says Gazelee, “ that a promise made under such circumstances as the present case, is a new promise, and not *534 n revival of the old one.” And the chief justice says, “ It is clear that after the six years, the plaintiff has no cause of action, except on the new promise; and that being conditional, the condition attached to it must be observed. The new promise does not bring down the old cause of action, but creates a new one: the form of the pleadings sufficiently indicates this &c.” And in Tanner v. Smart, 6 Barn. & Cress. 603. 13 Eng. C. L. R. 273. lord Tenterden, delivering the judgement of the whole court, declares that an acknowledgment is no answer to the statute, except in actions of assumpsit; and moreover, that it does not revive the old promise but is evidence of a fresh promise.
The same opinions are well sustained by chief justice Tilghman in Jones v. Moore, 5 Binney 576. See also Roosevelt v. Marks, 6 Johns. Ch. Rep. 266. 290. citing Danforth v. Culver, 11 Johns. Rep. 146. Laurence v. Hopkins, 13 Id. 288. Sands v. Gelston, 15 Id. 511.
I am, upon the whole, clearly of opinion, that the acknowledgment has the effect of creating a new promise, and does not revive the old one; and if so, it seem obvious that an action of debt upon the old contract, which is barred, cannot be sustained by proof of the new promise. Indeed, it is very clearly stated in two of the cases cited, that the doctrine of taking a debt out of the statute by subsequent acknowledgment only applies to cases of assumpsit; 13 Eng. C. L. R. 93. 275. 11 Eng. C. L. R. 126.
The other points in the case it is not necessary to discuss as this is fatal to the plaintiff’s demand.
Judgement reversed, and judgement entered for the appellant.